UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT T. NEELY,

        Petitioner,               Case No. 1:08-cv-376

v.                                       HON. JANET T. NEFF

KEN McKEE,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). Also before the Court is Petitioner's motion to stay the proceedings (Dkt 5) pending Petitioner's exhaustion of his state-court remedies with respect to four new issues not raised in his direct appeal or in his initial habeas petition.

After undertaking the review required by Rule 4, the Court concludes that Petitioner has exhausted his state-court remedies with respect to the three issues raised in his petition. The Court further concludes that Petitioner has failed to exhaust his available state-court remedies as to the four new claims Petitioner has raised in his state-court postconviction motion, which he proposes to raise in a future amendment to his habeas petition. Because Petitioner has diligently pursued his available remedies and has limited time remaining in the limitations period for filing a habeas petition, the Court will grant Petitioner's motion to stay the petition.

## Discussion

### I. Factual allegations

Petitioner Vincent T. Neely presently is incarcerated with the Michigan Department of Corrections and housed at the Bellamy Creek Correctional Facility. He was convicted by a Calhoun County jury of the following offenses: two counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b; one count of kidnaping, MICH. COMP. LAWS § 750.349; one count of being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; and four counts of possessing a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. He was sentenced as a third felony offender, MICH. COMP. LAWS § 769.12, on February 24, 2005 to respective terms of life (two terms), 75 to 115 years, 15 to 40 years, and 2 years (four terms). Petitioner appealed his convictions to both the Michigan Court of Appeals and Michigan Supreme Court, the latter of which denied leave to appeal on May 30, 2007.

In his habeas application, Petitioner raises three grounds for relief, all of which were raised before and rejected by the Michigan courts on direct appeal: (1) ineffective assistance of counsel in failing to challenge Petitioner's illegal arrest; (2) improper use of Petitioner's post-arrest

silence in violation of the Fifth Amendment; and (3) unconstitutional denial of his request for substitute counsel. In his motion to stay the proceedings, Petitioner represents that he intends to raise four additional issues in a future amended petition, after they have been exhausted in the state courts. Petitioner asserts that, on May 5, 2008, he filed a motion for relief from judgment under MICH. CT. R. 6.500 in the Calhoun County Circuit Court, raising the four new claims: (1) ineffective assistance of appellate counsel in failing to bring a significant claim of ineffective assistance of trial counsel and for failing to move for an evidentiary hearing in the trial court; (2) ineffective assistance of trial counsel in failing to investigate, to call potential witnesses, and to object to prosecutorial misconduct; (3) prosecutorial misconduct in making repeated reference to prior bad acts, denigrating the defendant and appealing to juror sympathy; and (4) prosecutorial misconduct in commenting on Petitioner's exercise of his right to remain silent. The circuit court has not yet decided the motion, and Petitioner seeks a stay of the instant habeas proceeding until such time as his state-court remedies are exhausted.

## II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513

U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). As the Court previously has noted, Petitioner raised each of the three gounds presented in his pending habeas petition at all levels of state court review. By his own admissions, however, Petitioner has not yet exhausted the four claims he seeks ultimately to add to his petition. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he intends to present: a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner already has filed his motion for relief from judgment in the Calhoun County Circuit Court and has declared his intent to exhaust those claims through all state appellate avenues.

Petitioner's habeas application, as presently filed, is fully exhausted. However, the petition as he proposes to amend it would be "mixed" because Petitioner has some claims that are exhausted and some that are not. Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. Since the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-

132, 110 STAT. 1214 (AEDPA) was amended to impose a one-year statute of limitations on habeas claims, however, dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court's holding in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *See also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on May 30, 2007. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Tuesday, August 28, 2007. Accordingly, Petitioner has one year, until August 28, 2008, in which to file his habeas petition. Petitioner filed the instant petition on April 23, 2008, four months before the limitations period expired.

The running of the statute of limitations is tolled when "a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 127 S. Ct. 1079 (2007). Petitioner filed his state postconviction motion on May 5, 2008, when Petitioner had 115 days remaining in his limitations period. The limitations period will remain tolled until the Michigan Supreme Court issues its decision on the issues raised in Petitioner's May 5, 2008 motion for relief from judgment.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*). Petitioner has more than sixty days remaining before the statute of limitations expires. Petitioner therefore would have the necessary time under *Palmer* to return to this Court before expiration of the statute of limitations. Nevertheless, because Petitioner's present petition is fully exhausted, it would not be proper for the Court to dismiss the instant petition for lack of exhaustion without notice to Petitioner.

The Supreme Court recently held that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 277-78. Here, Petitioner clearly has acted diligently to pursue his state-court remedies and has expressly requested a stay based on his apparent confusion over the counting of the statute of limitations. He therefore has demonstrated good cause for his failure to exhaust prior to filing in this Court. Moreover, his unexhausted claims are not plainly meritless. As a consequence, Petitioner has met the *Rhines* standard for granting a stay. *Id.*

Although Petitioner has more than 60 days remaining in his limitations period, in light of the posture of the case, the Court concludes that judicial efficiency will be served by granting the motion to stay.

## Conclusion

For the foregoing reasons, Petitioner's motion to stay the proceedings and hold the petition in abeyance pending exhaustion of Petitioner's four proposed new grounds for relief will be granted. An Order consistent with this Opinion will be entered.

Dated: July 1, 2008          /s/ Janet T. Neff
                             JANET T. NEFF
                             United States District Judge