UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT T. NEELY,

    Petitioner,                                    Case No. 1:08-cv-376

v.                                                            HON. JANET T. NEFF

KEN MCKEE,

    Respondent.
_____/

**OPINION AND ORDER**

    This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R, Dkt 61) recommending that this Court deny the petition as without merit. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Obj., Dkt 65). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

**I. Procedural Default**

    As a threshold matter, Petitioner argues that the Court must review Petitioner's issues IV–VII "because the Lower Court, Michigan Court of Appeals, and the Michigan Supreme Court all denied petitioner's pleadings under M.C.R. 6.508(D)[,] which does not procedurally default his claim for

habeas review" (Obj. at 2, 4). Petitioner contends that "the trial court's order was the last reasoned decision denying relief, and because it addressed the merits and did not expressly rely on a procedural bar, the claim[s] were no[t] procedurrally [sic] defaulted" (*id*. at 3).

Petitioner's argument is moot. The Magistrate Judge addressed the procedural default issue by noting that "[b]ecause Petitioner failed to raise the issue [Ground V] on direct review, the issue appears to be procedurally defaulted" (R & R at 42). The Magistrate Judge nevertheless addressed the merits of the claim, stating that "[w]here, as here, the procedural default issue raises more questions than the case on the merits, the federal court may proceed to the merits without consideration of the procedural bar" (*id*. at 42-43). The Report and Recommendation considered each of Petitioner's claims on the merits; thus, any procedural default is immaterial.

## II. Ineffective Assistance of Counsel: Petitioner's Warrantless Arrest

Petitioner argues that "his conviction should be reversed because he was denied effective assistance of counsel where counsel failed to challenge Petitioner's warrantless arrest in his residence" (Obj. at 5). Petitioner essentially reargues the claim presented in his petition. He points to no substantive error in the Magistrate Judge's analysis. Petitioner is not entitled to general *de novo* review of the Report and Recommendation. *See* W.D. Mich. LCivR 72.3(b) (written objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections"). In any event, Petitioner's arguments are without merit.

Petitioner argues that exigent circumstances were not present. He contends that "there was nothing to indicate petitioner was still in the residence, or that if he were, he would escape if not swiftly apprehended" (Obj. at 7). Petitioner further states that "while the officer had some evidence

of a weapon[, t]he gun that was recovered was found to have three different individual[s'] DNA on the weapon. Thus, the safety of either law enforcement personnel or citizens was not at issues [sic]" (*id*. at 8). Further, "[a]nother officer testified it had taken forty minutes to locate the apartment," and that "Sergeant McClenny testified they went to at least two or three other apartment[s]," thus, "[t]here was no immediately [sic] danger if they couldn't find the right apartment" (*id*. at 9).

Petitioner also argues that "there was no reason to believe a warrant could not have been secured prior to entry" (Obj. at 9). Further, although Sergeant McClenney testified that "he became concerned for the safety of the individuals inside the apartment," his testimony is "hard to believe, because if [Sergeant McClenny] didn't hear any movement inside of the apartment there's no need for concern" (*id*.). Thus, Petitioner contends that "his trial counsel was ineffective for fa[i]ling to file a motion to suppress his arrest" because "there's no doubt his motion would have been granted, resulting in acquittal …" (*id.* at 6).

Nothing in Petitioner's arguments demonstrates error in the Magistrate Judge's analysis or conclusion. The Magistrate Judge noted that the Michigan Court of Appeals thoroughly analyzed this issue, as set forth in the Report and Recommendation (R & R at 39-40). After considering the record and the applicable legal standards, the Magistrate Judge properly concluded that "[i]n light of the totality of the circumstances, the state-court's determination that exigent circumstances justified the entry, search and arrest without a warrant was a reasonable application of established Supreme Court precedent," and "[g]iven the legality of the warrantless entry, search and arrest, any motion filed by counsel would have been futile" (*id.* at 42). "An attorney's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel" (*id.*). *See Smith v. Bradshaw,* 591 F. 3d 517, 523 (6th Cir. 2010). Petitioner's objection is denied.

3

### III.  Petitioner's Post-Arrest Silence

Petitioner argues his conviction should be reversed because the trial court erred "in determining the prosecution could question Defendant and comment on the invocation of [his] right to remain silent" (Obj. at 11).  Petitioner contends that at the time of his arrest, he "should have been advised of his *Miranda* rights[,] which he was not" (*id.*).  He asserts that the Magistrate Judge reasoned that "by . . . exercising his right to remain silen[t] [Petitioner] waive[d] his *Miranda* Rights" (*id.* at 13).  However, "Petitioner was never given his *Miranda* rights when he was arrested" (*id.*).  Petitioner argues that because the Detective's answer at trial was that he attempted to read Petitioner his rights, and that because "[d]uring the interrogation the detective merely stated that petitioner has rights," then "the question become[s] if petitioner was never afforded his *Miranda* Rights, then how could he waive something (being silence) that he never had" (*id.*).

Petitioner's argument is without merit.  The Magistrate Judge properly analyzed Petitioner's argument in the Report and Recommendation, stating:  "According to Detective Wise, an attempt was made to give Petitioner his *Miranda* warnings, but Petitioner would not pay attention.  As in *Fletcher*,[1] if no warnings were given to Petitioner, the warnings could not have induced Petitioner's silence.  At trial, on appeal and in his habeas application, Petitioner has never argued that he was given his *Miranda* warnings.  Because he was not given *Miranda* warnings … Petitioner's post-arrest silence was properly used by the prosecutor to impeach the credibility of his claim …" (R & R at 32).  Petitioner fails to demonstrate error in the Magistrate Judge's conclusion concerning Petitioner's post-arrest silence.

---

[1]*Fletcher v. Weir*, 455 U.S. 603, 605-06 (1982).

Petitioner also argues that his "trial attorney was ineffective for failing to file a motion for a *Walker* Hearing to determine the validity of petitioner's statement during the interrogation to see if in fact petitioner's silen[ce] was a true wavier [sic], to determine if his *Miranda* Rights w[ere] given to him … and not put petitioner on the stand under cross-exam to find out if his right to remain silent was the result of impeachment/wavier [sic] of his Miranda Rights" (Obj. at 14).

Petitioner's argument is again without merit. Even if the Magistrate Judge erred in concluding that Petitioner did not waive his right to remain silent, "any error was harmless in the circumstances" (R & R at 34). Applying the *Brecht*[2] standard for assessing trial-court error in habeas petitions, the Magistrate Judge properly considered the evidence and concluded that "the admission of the prosecutor's limited questioning and commentary about Petitioner's post-arrest silence was harmless" (R & R at 36). The Magistrate Judge appropriately noted that "[t]he questions and comments about [Petitioner's] silence were cumulative, substantial evidence contradicted Petitioner's story, Petitioner's credibility was otherwise undermined, and the jury was instructed to disregard the evidence if they found he was invoking his right to silence" (*id.*). Therefore, Petitioner's objection is denied.

### IV. Substitute Counsel

Petitioner argues he is entitled to a new trial where the trial court abused its discretion in denying a request for substitute counsel (Obj. at 15). Petitioner contends that contrary to the trial court's conclusion, there was an "attorney client breakdown in communication" (*id.* at 16). Petitioner cites counsel's alleged failure to "(1) keep Petitioner appraised as to the status of his case, (2) provide him with requested documentations, (3) consult with him adequately, and appraise him

---

[2]*Brecht v. Abrahamson*, 507 U.S. 619 (1993).

of varies [sic] strategies, (4) take concerns to petitioner's issues that he believe[d] had merits, (5) if counsel agree[d] to file a motion (search and seizure) counsel would have done so, and if counsel agree[d] to bring up certain issues at preliminary exam it would have been done" (*id*.). Regarding the attorney's request to withdraw three months before trial, Petitioner asserts that neither "the court nor the prosecutor never [sic] indicated that the trial would have to be postponed if counsel was given the opportunity to withdraw," and thus, "there was no indication the judicial process would have been disrupted at all" (*id.* at 17).

However, as the Magistrate Judge noted, to the extent Petitioner raises his claim under state law, the question is not reviewable by this Court (R & R at 52). Questions of state law ordinarily are not cognizable on habeas review. *See Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010). And Petitioner failed to demonstrate the existence of a federal claim because the state court reasonably rejected Petitioner's claim that his attorney was ineffective (*id.* at 52-53). The Magistrate Judge correctly applied the governing law in light of the record. Petitioner's objection is denied.

## V. Certificate of Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable

6

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's ineffective assistance of counsel, trial court error, or prosecutorial misconduct claims debatable or wrong. A certificate of appealability will therefore be denied as to each issue raised.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt 61) is APPROVED and ADOPTED as the Opinion of the Court, and the petition for habeas corpus relief (Dkts 1, 18) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the objections to the Report and Recommendation (Dkt 65) are DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: May  12 , 2014                                    /s/ Janet T. Neff
                                                         JANET T. NEFF
                                                         United States District Judge